Sandra **MONTALVO**, Plaintiff–Appellant,

v.

Michael J. **ASTRUE**, aka Commissioner of Social Security, Defendant–Appellee.

No. 05–16382.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed June 21, 2007.

Harvey P. Sackett, Esq., San Jose, CA, for Plaintiff–Appellant.

Michael A. Cabotaje, SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Sandra Montalvo applied for Social Security Disability Insurance Benefits alleging disability due to fibromyalgia, migraine headaches, fatigue, low back pain, neck pain, and depression.[1] The ALJ denied her application and the agency denied her request for an appeal. Montalvo sought judicial review and the district court granted summary judgment to the Commissioner. We affirm.

■ 1. Montalvo first challenges the ALJ's discrediting of the opinions of her treating physicians. In order to reject those opinions in favor of contrary opinions of non-treating physicians, the ALJ must identify specific, legitimate reasons supported by substantial evidence in the record. *Holohan v. Massanari,* 246 F.3d 1195, 1203 (9th Cir.2001). The ALJ met this burden here. Because of the subjective nature of a diagnosis of fibromyalgia, the ALJ's assessment of Montalvo's credibility is relevant to her doctors' diagnoses. *Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989). As discussed below, this assessment was not favorable. Moreover, the ALJ identified inconsistencies between the opinions of Montalvo's treating physicians who offered differing assessments of her capabilities, and inconsistencies between those assessments and Montalvo's own testimony about her daily activities.

■ 2. Montalvo next challenges the ALJ's crediting of the opinions of her non-treating physicians. The opinions of non-treating physicians can constitute substantial evidence supporting the denial of benefits if consistent with other evidence in the record. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002). The opinions of the non-treating physicians in this case are consistent with such evidence and support the ALJ's denial of benefits, for largely the same reasons discussed above. Dr. Jones performed an examination in which he diagnosed fibromyalgia or myofascial pain, but found no physical limitations. The evaluations of reviewing physicians Clancey and Gollub are consistent with this finding. And further, all these findings are consistent with other evidence in the record—specifically, Montalvo's testimony about her daily activities and her failure to comply with certain aspects of her treatment.

■ 3. Third, Montalvo challenges the ALJ's determination that Montalvo could perform certain sedentary work on a continuous and sustained basis. Substantial evidence supports the ALJ's determination that Montalvo had the "residual functional

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts and prior proceedings are known to the parties, we do not recite them at length here.

capacity" (RFC) to perform certain sedentary work on a "regular and continuous basis" under 20 C.F.R. § 404.1545(b) and (c). The assessments of Drs. Jones, Clancey, and Gollub that Montalvo has no physical limitations and can perform certain work, with certain limitations, for an 8–hour workday support this finding. Montalvo's testimony about her daily activities also supports this finding.

■ Additionally, the ALJ's findings are consistent with the Social Security Administration's policy statement regarding standards for evaluating RFC at Social Security Ruling 96–8p. S.S.R. 96–8p is a nonbinding policy statement which is entitled only to *Skidmore* deference. *See Holohan,* 246 F.3d at 1202 n. 1; *United States v. Mead Corp.,* 533 U.S. 218, 227–28, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). Moreover, it essentially announces an understanding of the term "regular and continuing basis" consistent with the ALJ's findings—namely, that the term "means 8 hours a day, for 5 days a week, or an equivalent work schedule." S.S.R. 96–8p.

■ 4. Finally, Montalvo challenges the ALJ's discrediting of her subjective allegations of debilitating pain. Because Montalvo has presented objective evidence of a medical impairment which causes pain, and because there is no evidence of malingering, the ALJ could only discredit her testimony for "clear and convincing" reasons "supported by specific findings." *See, e.g., Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993). While this is a high standard, the ALJ has met it here by identifying specific facts undermining Montalvo's credibility (and the credibility of her cousins). As the ALJ noted, Montalvo testified that she wakes at 6:30 am, bathes and dresses herself, sees her children off to school, helps with household chores, meets with family and goes to the mall. The ALJ also noted that Montalvo failed to comply with certain aspects of her recommended treatment—she did not return for a follow-up visit, did not follow a treating physician's recommendation to wear arch supports, and did not exercise despite that physician's recommendation to do regular stretching and range-of-motion exercises.

The ALJ also detailed evidence relevant to other alleged ailments. As he found, Montalvo's allegations of blurry vision are undermined by an "eye doctor" having told her she does not need to wear glasses and by Dr. Jones' finding that she had 20/20 vision in both eyes. Montalvo's reported difficulty concentrating is similarly belied by the mental status examination which showed no evidence of attention, concentration or cognitive deficits and no difficulties in mental functions related to working.

■ Finally, the ALJ properly discredited the statements of Montalvo's cousins. The ALJ may reject statements of lay witnesses with reasons germane to each witness. *Dodrill,* 12 F.3d at 918–19. The ALJ properly rejected Angie Aldama's statement that Montalvo had difficulty concentrating with the evidence from the mental status examination. The ALJ also properly rejected Maria Aldama's statement that Montalvo had difficulties with personal grooming based on multiple observations from physicians that her grooming was adequate and normal.

**AFFIRMED.**